UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

    Petitioner,

v.

R.W. FOX,

    Respondent.

No. 2:19-cv-528-MCE-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner who, proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed an application to proceed in forma pauperis (ECF No. 3) and proceeds on an amended petition (ECF No. 5). Respondent has filed a motion to dismiss (ECF No. 13) and petitioner has filed his opposition (ECF No. 22).

### Application to Proceed in Forma Pauperis

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit and his application (ECF No. 3) will be granted.

### Motion to Dismiss

#### I. Legal Standards

In the context of federal habeas claims, a motion to dismiss is construed as arising under Rule 4 of the Rules Governing Section 2254 in the United States District Courts which "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is

1

stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)). Accordingly, a respondent is permitted to file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards in reviewing the motion. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982). Rule 4 specifically provides that a district court may dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

II. Analysis

Petitioner was denied parole in November of 2015 and raises three habeas claims related thereto. ECF No. 5 at 5-6. First, he contends that the denial violated the Eighth Amendment's proportionality principle. *Id.* at 5. Second, he contends that the evidentiary standard used to deny him parole violated his federal due process rights. Third, he contends that a psychological report that deemed him "high risk" was based on false evidence.

Respondent raises two arguments. First, he contends that the petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Second, he argues that petitioner's second and third grounds for relief are foreclosed by the United States Supreme Court's decision in *Swarthout v. Cooke*, 562 U.S. 216 (2011). For the reasons stated hereafter, the court finds that the petition is untimely and will recommend it be dismissed on that basis.

AEDPA imposes a one-year statute of limitations for the filing of a federal habeas petition. 28 U.S.C. § 2244(d)(1). That statute of limitations applies to administrative decisions like the parole denial at bar. *See Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003). The statute of limitations for a petition challenging parole denial begins to run on the date after that administrative decision becomes final. *See Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2003). Petitioner was denied parole on November 5, 2015.[1] ECF No. 5 at 5 ("On 11-5-15 petitioner was again denied suitability . . . under elderly parole."). That decision, pursuant to the

---

[1] In his motion, respondent states, in his "Argument" section, that petitioner is challenging a November 5, 2017 decision denying him parole. ECF No. 13 at 3. Elsewhere, however, he recognizes that the relevant parole denial occurred on November 5, 2015. *Id.* at 2. Thus, the court interprets the reference to a 2017 denial of parole as a typographical error.

relevant provisions of the California code, became final 120 days after it was issued (*see* Cal. Code Regs. tit. 15, §§ 2041(h), 2043)[2] – on March 4, 2016. Absent equitable tolling, petitioner had until March 5, 2017 to submit his federal habeas petition. This petition was filed on June 25, 2018. ECF No. 1. Thus, the question is what, if any, equitable tolling petitioner is entitled to.

AEDPA's statute of limitations is suspended for the time during which a "properly-filed" application for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2). Petitioner filed a state habeas petition challenging denial of parole on November 16, 2015.[3] ECF No. 14-1 at 3. That petition was denied by the superior court on December 9, 2015. ECF No. 14-2 at 5. Petitioner filed another habeas petition, again challenging the denial of parole, with the California court of appeal on March 6, 2016. ECF No. 14-3 at 3. The appellate court denied that petition on March 25, 2016. ECF No. 14-4.

After the March 25, 2016 denial, petitioner returned to superior court and, on February 28, 2017, submitted another collateral challenge to his parole denial. ECF No. 14-5 at 8. The superior court denied that petition on March 14, 2017 and, *inter alia*, noted that arguments raised and rejected in his previous petitions were successive and thus, improper. ECF No. 14-6 at 5. Then, on May 4, 2017, petitioner filed another habeas petition in the state superior court and again challenged the November 2015 decision to deny him parole. ECF No. 14-7 at 3. This petition was denied on May 17, 2017 -also as successive. ECF No. 14-8 at 3-5. Successive petitions do not toll the limitations period insofar as they are not "properly filed." *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("If the time to file a federal petition has not already expired when a second round of properly filed California habeas petitions begins, the second

---

[2] *See also Davis v. Grounds*, No. C-12-0033 TEH (PR), 2013 U.S. Dist. LEXIS 32583, *6 (N.D. Cal. Mar. 7, 2013) ("Currently, a [Parole] Board's initial decision is considered a 'proposed decision' that is subject to internal administrative review by the Board's chief counsel or a designee for a 120-day period following the hearing. In the absence of any intervening change or modification by the Board's chief counsel or designee, the proposed decision becomes final on the 120th day following the date of the hearing decision.") (internal citations omitted).

[3] Based on the date of this filing, it appears that petitioner challenged the denial of parole before it was administratively finalized. The state court did not reject his petition on that basis, however. *See* ECF No. 14-2.

3

round of petitions will also toll the § 2244(d)(1) period. . . . For tolling to be applied based on a second round, the petition *cannot be* untimely or *an improper successive petition*." (emphasis added)).[4]

Based on the foregoing, the court concludes that petitioner is entitled to tolling from November 16, 2015 to March 25, 2016 – a total of 130 days. Thus, if his parole denial became final on March 5, 2016, petitioner had until July 13, 2017[5] to file his federal habeas petition. He did not file the instant petition until June 25, 2018. ECF No. 1.

Petitioner argues that the court should excuse his untimeliness for two reasons. First, he contends that he properly relied on a state case - *In re Butler*, 236 Cal. App. 4th 1222 (2015). That case made changes to the state's parole system (*id.* at 1242-44), but does nothing to inform the timeliness of his federal petition. Indeed, petitioner makes no explicit argument (that the court can discern) to that effect. And, in any event, the timeliness of his petition is ultimately a matter of federal, rather than state law. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.

---

[4] At least one court in this circuit has concluded that the language in *Porter* referencing successive petitions was dicta. *See Rogers v. Swarthout*, No. C-14-3087 EMC (pr), 2015 U.S. Dist. LEXIS 13395, * 6 (N.D. Cal. Feb. 4, 2015) ("Respondent correctly notes that the case of *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010), stated that, 'for statutory tolling under 2244(d) to apply, the state habeas petition cannot be untimely or an improper successive petition.' However, that statement was dicta rather than the holding because the case involved a state petition rejected as untimely rather than as successive.").

Many other courts in this circuit have deemed *Porter* binding authority on the issue of whether a successive petition is properly filed, however. *See, e.g., Lee v. Neuschmid*, No. 2:18-cv-03039 MCE GGH P, 2019 U.S. Dist. LEXIS 60343, * 7 (E.D. Cal. April 8, 2019) ("The undersigned disagrees that *Porter* can be disregarded, dicta or not."); *Pace v. Jaime*, 17-cv-01046-HSG (PR), 2019 U.S. Dist. LEXIS 19478, * 9 (N.D. Cal. Feb. 6, 2019)(citing *Porter* for the proposition that "[u]nder the law of the circuit, these [successive] petitions were not properly filed and did not toll the limitation period under § 2244(d)(2).")

This court finds the latter line of cases more persuasive and concludes that it must follow *Porter*.

[5] He subsequently lodged two more state habeas petitions on July 28, 2017 (ECF No. 14-9) and February 23, 2018 (ECF No. 14-10). His two final state petitions fall beyond the cut-off date for his federal petition and, thus, do not toll the AEDPA statute of limitations. *See Clark v. Knipp*, No. 2:11-cv-3334 MCE AC P, 2013 U.S. Dist. LEXIS 65193, * 20 (E.D. Cal. May 7, 2013) (state petitions filed after the expiration of the AEDPA statute of limitations "do not resuscitate the expired limitations period.").

4

2003) ("It is unreasonable for a federal habeas petitioner to rely on a state statute of limitations rather than the AEDPA's statute of limitations. . . . AEDPA's one-year statute of limitations, even if in tension with a longer state statute of limitations, does not render federal habeas an inadequate or ineffective remedy.").

Second, petitioner argues that his lack of legal knowledge and education should excuse his untimeliness. But our circuit has rejected this argument. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Rasberry's inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling."); *see also Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner insufficient to warrant excusing procedural bar).

<u>Conclusion</u>

Accordingly, it is ORDERED that petitioner's application to proceed in forma pauperis (ECF No. 3) is GRANTED.

Further, it is RECOMMENDED that respondent's motion to dismiss (ECF No. 13) be GRANTED and the petition be DISMISSED as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: November 25, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE